**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Stephen McKitrick,** | ) | **CASE NO. 3:08 CV 597** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Clifford Smith, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Vecchiarelli (Doc. 8) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Stephen McKitrick, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued her Report and Recommendation recommending that the Petition be dismissed. Petitioner filed Objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

The state appellate court found the following facts:

On July 19, 2002, 72 year old Maxine Beard was home alone. Her
phone rang numerous times between 2:00 am and 4:00 am. Beard did not answer
the phone and later took the phone off the hook. At approximately 7:00 a.m., Beard
heard knocking on the patio door located in her bedroom. Beard recognized the
person as [petitioner], a former tenant of Beard's. [Petitioner] continued to bang on the
windows and doors. Frightened, Beard got out of bed to contact the sheriff's office,
but the phone line was dead. Soon after, Beard heard a window shatter in the
house. Consequently, Beard grabbed her purse and exited from the other side of
the house. While trying to get to her car, [petitioner] grabbed Beard and physically
restrained and assaulted her as she yelled for help. Eventually, Beard got away
from [petitioner] and rang a dinner bell located on the property. [Petitioner] then caught
her again, assaulted her, and forcibly took Beard's purse. After discovering that she
only had a few dollars, [petitioner] demanded that Beard write him a check for $900.
In exchange for the $900, [petitioner] released Beard and she drove to safety. An
investigation by the Hancock County Sheriff's Department revealed that Beard's
phone lines had been cut. Additionally, wire cutters and two bags of crack cocaine
were found in [petitioner's] car.

On July 23, 2002, [petitioner] was indicted for Kidnaping in violation of [Ohio Revised
Code (O.R.C.) §] 2905.01(A)(2), a felony of the first degree, and Robbery, in violation of
O.R.C. § 2911.02(A)(2). [Petitioner] plead not guilty to both counts, and a jury trial was
scheduled. On January 6, 2003, [petitioner] pled guilty to both counts in the
indictment.

On March 26, 2003, a sentencing hearing was held at which the trial court
sentenced [petitioner] to eight years of prison for kidnaping and four years for
robbery to be served consecutively for an aggregate twelve years in prison.

*State v. McKitrick*, 2003 WL 22228656 (Ohio App. Sept. 29, 2003).

After pursuing his state remedies, petitioner filed a Petition for Writ of Habeas Corpus in

2005.  Judge Katz granted a conditional writ, on the grounds of double jeopardy and ineffective assistance of appellate counsel, and petitioner was resentenced.  After again exhausting his state remedies, petitioner filed the herein Petition for Writ of Habeas Corpus which asserts three grounds for relief which the Magistrate Judge rejected on the merits.  For the following reasons, this Court agrees.

In Ground One, petitioner asserts that his sentences of robbery and kidnaping violate due process and the prohibition against double jeopardy.  Petitioner contends that when the restraint of the victim is not prolonged, secretive, or substantial, the kidnaping and robbery offenses are not committed separately or with separate animus and the defendant cannot be sentenced to serve multiple prison terms. Petitioner contends that his consecutive prison term for allied offenses of similar import contravenes due process and double jeopardy.

As noted by the Magistrate Judge, the sentencing court initially determined that robbery and kidnaping were not allied offenses of similar import and sentenced petitioner to consecutive sentences. In the first habeas petition, Judge Katz determined that robbery and kidnaping were allied offenses of similar import and sent the case back to the trial court for resentencing. Judge Katz found that petitioner could receive consecutive sentences only if the state trial court found that the offenses were committed separately or with a separate animus.  Petitioner was then  resentenced to consecutive sentences.  After determining that the offenses were committed with a separate animus, the trial court imposed the same aggregate 12-year sentence.  The state appellate court concluded that petitioner's conduct after taking the money from Beard's purse exhibited a separate animus to kidnap Beard.

To support a substantive due process claim, the Court must find that this determination

3

was arbitrary and capricious. It was not.  The Court agrees with the Magistrate Judge that petitioner's continued constraint of Beard after taking money from her purse allows a reasonable person to conclude that petitioner completed a robbery then engaged in additional conduct evincing an animus for kidnaping.  Petitioner contends that the appellate court failed to consider whether there was a separate animus, but only considered whether the crimes were of similar import.   This Court disagrees.  As recognized by the Magistrate Judge, the state appellate court examined whether the state had relied on different conduct to support each charge and determined that it did.

Nor did petitioner establish a double jeopardy violation because he does not show that the state court's finding of separate animus for each of the crimes of which he was convicted was erroneous.

Ground One fails.

In Ground Two, petitioner asserts that the imposition of non-minimum, consecutive prison terms violates the Sixth Amendment.  The Magistrate Judge rejected this argument.  She reasoned that the trial court entered petitioner's sentence after the Ohio Supreme Court's decision in *State v. Foster,* 109 Ohio St.3d 1 (2006), which allowed Ohio courts to sentence a defendant to any term within the appropriate felony range or to consecutive sentences without making any judicial findings of fact. Petitioner's sentence did not violate the holdings in *Blakely v. Washington,* 542 U.S. 2976 (2004) or *Apprendi v. New Jersey,* 530 U.S. 466 (2000), which prohibit a judge from sentencing a defendant to any sentence greater than the maximum sentence that may be imposed without making judicial findings of fact because his sentence did not exceed the maximum sentence to which the court could have sentenced him without making

4

judicial findings of fact. The Court agrees that this ground lacks merit.

In Ground Three, petitioner asserts that his sentence violates *ex post facto* and due process. Petitioner does not appear to make specific objections to the Magistrate's findings in this regard.  The Court finds no error.

For the foregoing reasons, the Report and Recommendation is accepted, and the findings and conclusions incorporated herein by reference.  Accordingly, the Petition for Writ of Habeas Corpus is dismissed.  Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

    IT IS SO ORDERED.


    /s/Patricia A. Gaughan  
    PATRICIA A. GAUGHAN  
    United States District Judge

Date:   4/21/09